IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

J & J SPORTS PRODUCTIONS, INC.,

                                  Plaintiff,

    v.

SUNSETS ON SAND, LLP d/b/a SUNSETS,
and LORNA STEELE,

                                  Defendants.

ORDER

10-cv-12-vis[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff J & J Sports Productions has brought this action against defendants Sunsets on Sand, LLP and Lorna Steele for unlawfully exhibiting a televised boxing match without plaintiff's authorization. On March 8, 2010, defendants Sunsets on Sand and Lorna Steele filed an answer signed by Steele, who does not appear to be a licensed attorney.

      Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 506 U.S.

---

[1] I have assumed jurisdiction over this case for the purpose of issuing this order.

1

194, 201-02 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," Rowland, 506 U.S. at 202, including limited liability companies or partnerships. E.g., United States v. Hagerman, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Kipp v. Royal & Sun Alliance Personal Ins. Co., 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus defendant Sunsets on Sand's answer has not been properly filed because it is not signed by an attorney.

Kipp, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court treated the answer as unsigned, gave the defendant a chance to file another answer signed by counsel and warned the defendant that failure to comply with its order would result in entry of default. Id. at 963. I agree that this is the appropriate course of action. Therefore, I will give defendant Sunsets on Sand until April 13, 2010 to retain counsel and file a new answer. If, by then, defendant Sunsets on Sand does not file an answer signed by counsel, I will ask the clerk to enter default against it pursuant to Fed. R. Civ. P. 55(a).

ORDER

IT IS ORDERED that

1. Defendant Sunsets on Sand, LLP may have until April 13, 2010, in which to file an answer that complies with Fed. R. Civ. P. 11(a). If defendant Sunsets on Sand fails to file a proper answer by April 13, 2010, the clerk of court is directed to enter default against it.

Entered this 22nd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge