IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J&J SPORTS PRODUCTIONS, INC.,

      Plaintiff,          ORDER

  v.

                    10-cv-12-wmc[1]

SUNSETS ON SAND, LLP d/b/a SUNSETS
and LORNA STEELE,

      Defendants.

On March 23, 2010, the court gave defendant Sunsets on Sand, LLP until April 13, 2010 to file an answer to plaintiff's complaint complying with Fed. R. Civ. P. 11(a). Dkt. #8. The problem with the initial answer filed by defendant Sunsets on Sand (dkt. #6) was that its was signed only by defendant Lorna Steele, who is not a licensed attorney, and, as Judge Crabb explained, business entities, such as defendant Sunsets on Sand, may appear in the federal courts only through licensed counsel. *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008). Now before the court is defendant Lorna Steele's letter, dated March 29, 2010, which will be treated as a motion to reconsider the March 23rd order, dkt. #9, but must still be denied.

Defendant Steele asks the court to "exercise its discretion" and allow her to represent defendant Sunsets on Sand herself because (1) she is a partner in a now defunked limited

---

[1] This case was reassigned to me pursuant a March 31, 2010 administrative order.

liability partnership and (2) neither the partnership nor she have the finances to secure an attorney.  What Steele is requesting, however, is not something left to the court's discretion. The Court of Appeals for the Seventh Circuit binds this court in holding that

> the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.  Pro se litigation is a burden on the judiciary and the burden is not be borne when the litigant has chosen to do business in entity form.  He must take the burdens with the benefits.

*Hagerman*, 545 F.3d at 581-82 (internal citation omitted).  Steele's decision to do business in entity form as Sunsets on Sand requires that she hire a lawyer if she wants to defend that entity in court.  Accordingly, her motion for reconsideration will be denied.

The court notes that Steele raises two additional concerns with requiring that Sunsets on Sand be represented by counsel:  (1) that she "will be irreparable harmed and unjustly prejudiced by any default judgment on Sunsets on Sand LLP as it would effectively operate as a default judgment against [her] personally as [she is] a partner in the company" and (2) that she will not be able to defend herself against plaintiff's accusations.  Dkt. #9.  As a general matter, the purpose of engaging in business as a limited liability partnership is to limit recovery to the assets of the entity, rather than the assets of the underlying partners. In any event, this order does not preclude Steele from continuing to defend herself individually.

Because the deadline Judge Crabb set regarding when Sunsets on Sand needed to file a proper answer has come and gone while the motion for reconsideration was pending, the court will provide Sunsets on Sand until May 10, 2010 to retain counsel and file its new answer.  As before, failure to file an answer signed by counsel will result in the clerk entering default against Sunsets on Sand.  Fed. R. Civ. P. 55(a).

ORDER

IT IS ORDERED that:

(1)     Defendant Loran Steele's motion for reconsideration (dkt. #9) is DENIED.

(2)     Defendant Sunsets on Sand, LLP may have until May 10, 2010, in which to file an answer that complies with Fed. R. Civ. P. 11(a).  If it fails to file a proper answer by May 10, 2010, the clerk of court is directed to enter default against it.

Entered this 28th day of April, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3