IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J & J SPORTS PRODUCTION, INC.,

                       Plaintiff,                     OPINION AND ORDER

v.

                                                10-cv-00012-wmc

SUNSETS ON SAND, LLP d/b/a
SUNSETS,

                       Defendant.

---

On May 27, 2010, the clerk of court entered default against defendant Sunsets on Sand, LLP d/b/a Sunsets ("Sunsets") pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. #15.) Plaintiff J & J Sports Productions, Inc. ("J & J Sports") has since filed a motion for default judgment. (Dkt. #21.)

Plaintiff J & J Sports Productions, Inc. filed this action alleging that defendant Sunsets[1] knowingly and willfully violated certain provisions of the Communications Act of 1934, 47 U.S.C. §§ 553, 605, by unlawfully intercepting and exhibiting the LaHoya/Mayweather boxing match on May 5, 2007 ("the Program").

Because default has entered against defendant, the court accepts as true all of the factual allegations in the Complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). J & J Sports had the exclusive nationwide television distribution right to the Program. (Compl. (dkt. #1) ¶ 9.) J & J Sports entered into

---

[1] Lorna Steele was also named as a defendant in the Complaint, but subsequently dismissed with prejudice. (Dkt. #16.)

subsequent sub-licensing agreements with various commercial entities through North America to publically exhibit the Program. (*Id.* at ¶ 10.) Defendant Sunsets unlawfully exhibited the Program and did so willfully and for the purposes of direct or indirect commercial advantage or private financial gain. (*Id.* at ¶¶ 11-12.)

Although plaintiff alleged violations of both Section 553 and Section 605 in its complaint, plaintiff now seeks statutory damages and costs solely pursuant to § 605.[2] Under 47 U.S.C. § 605(e)(3)(C)(i)(II), the court may award statutory damages ranging from a minimum of $1,000 to a maximum of $10,000. Additionally, "[i]n any case in which the court finds that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain," the court has the discretion to award enhanced damages up to $100,000. 47 U.S.C. § 605(3)(3)(C)(ii).

The court held a telephonic hearing regarding plaintiff's motion on July 7, 2010. At that time, plaintiff's counsel represented that a private investigator witnessed 20 people at Sunsets on May 5, 2007 during the broadcast of the Program. In other default judgment actions brought by J & J Sports, courts have awarded damages under Section 605 of approximately $55 per patron. *See, e.g., J & J Sports Productions, Inc. v. Aguilera*, No. 09-cv-4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010); *J & J Sports Production, Inc. v. Ramirez*, No. 08 C 3354, Minute Order at 1-2 (N.D. Ill. Sept. 18, 2008). The court finds this basis for determining statutory damages reasonable and adopts the approach in these decisions. Assuming 20 patrons were in attendance when

---

[2] A plaintiff may not simultaneously pursue relief under both sections of the Communications Act. *United States v. Norris*, 885 F.3d 462, 468 (7th Cir. 1996).

Sunsets broadcast the Program, the court calculates statutory damages as $1,100. Given that the investigator's affidavit was not submitted to the court and that the $1,100 calculation is close to the statutory minimum, the court exercises its discretion and awards statutory damages under 47 U.S.C. § 405(e)(3)(C)(i)(II) in the amount of $1,000.00. Moreover, the court awards enhanced damages under 47 U.S.C. § 605(3)(3)(C)(ii) in the additional amount of $1,000.00. Accordingly, the total amount of damages awarded to J & J Sports is $2,000.00.

Plaintiff also seeks costs, including reasonable attorney's fees, under 47 U.S.C. § 605(e)(3)(B)(iii). Based on counsel's representations during the July 7, 2010 hearing, the court finds the amount of time of 5 hours and Mr. Balistreri's usual and customary rate of $250.00 per hour to be reasonable. Plaintiff also seeks reimbursement of a $350.00 filing fee and $55.00 in service fees, for a total amount of $405.00 in costs. The court awards full costs, including attorney's fees, in the amount of $1,655.00.

Accordingly, IT IS ORDERED that Plaintiff's motion for default judgment is GRANTED and the clerk of court is directed to enter a default judgment in the total amount of $3,655.00 against defendant Sunsets on Sand, LLP d/b/a Sunsets.

Entered this 7th day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge